UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEDDINO JOHNSON, | No. 2:14-cv-2513 KJN P |
| Petitioner, | |
| v. | ORDER |
| K. CHAPPELL, Warden, | |
| Respondent. | |

Petitioner, a state prisoner proceeding without counsel, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c). On December 4, 2014, petitioner filed a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

Examination of the in forma pauperis affidavit reveals that petitioner is unable to afford the costs of suit. Accordingly, the request for leave to proceed in forma pauperis is granted. See 28 U.S.C. § 1915(a).

Petitioner contends that in representing petitioner in connection with the 2000 conviction, defense counsel failed to "adequately challenge petitioner's prior conviction(s)." (ECF No. 1 at 4.) Petitioner contends that defense counsel's failure to argue the sufficiency of evidence of the 'strike' prior was an unreasonable determination . . . under the Sixth Amendment." (ECF No. 1 at 14.)

1

The court's records reveal that petitioner has previously filed an application for a writ of habeas corpus attacking the 2000 conviction and sentence[1] challenged in this case. The previous application was filed on June 16, 2003, and was denied on the merits on January 8, 2007. Johnson v. Woodford, Case No. 2:03-cv-1281 LKK KJM P (E.D. Cal.) (Eighth Amendment challenge to "three strikes" sentence based on conviction for possession of cocaine denied). Before petitioner can proceed with the instant application, he must move in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3).[2] Therefore, petitioner's application must be dismissed without prejudice to its re-filing upon obtaining authorization from the United States Court of Appeals for the Ninth Circuit.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's application to proceed in forma pauperis (ECF No. 5) is granted; and

2. This action is dismissed without prejudice.

Dated:  December 15, 2014

/john2513.succ

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[1] Petitioner was convicted on July 26, 2000, for violation of California Health & Safety Code § 11350(a) (possession of cocaine), and after petitioner waived jury trial on the prior conviction allegations, the trial court found the three strike allegations to be true. (ECF No. 1 at 23.)  On October 27, 2000, petitioner was sentenced to 25 years to life in state prison pursuant to California Penal Code § 667(e)(2)(A)(ii). (ECF No. 1 at 23.) The three prior strike allegations were:  (1) an April 18, 1977 conviction for robbery; (2) a December 22, 1983 conviction for rape; and (3) a September 25, 1991 conviction for robbery. (ECF No. 1 at 29-30.) The state court found each of these prior felony convictions to be for serious felonies, within the meaning of California Penal Code Section 1192.7(c). (ECF No. 1 at 29-30.)

[2] It appears that petitioner seeks to challenge the prior rape conviction in an effort to become eligible for application of Proposition 36. (ECF No. 1 at 25.) California Proposition 36, known as the "Substance Abuse and Crime Prevention Act of 2000," allows qualifying defendants convicted of non-violent drug possession offenses to receive probation in lieu of incarceration. Cal. Penal Code Sections 1210, 3063.1; Cal. Health & Safety Code § 11999.4. On February 25, 2013, the state court denied petitioner's motion for recall of the "third-strike" sentence and resentencing under California Penal Code Section 1170.126, due to petitioner's prior rape conviction. (ECF No. 1 at 20.)